**UNITED STATES of America, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

Civ. A. No. 84–2842 JGP.

United States District Court,
District of Columbia.

July 10, 1991.

## MEMORANDUM

JOHN GARRETT PENN, District Judge.

On September 13, 1984, the plaintiff filed this action against the defendant for injunctive relief and civil penalties for alleged violations of the Clean Water Act, 33 U.S.C. § 1311 *et seq.* Specifically, the plaintiff alleged that the defendant was violating the terms and provisions of its National Pollutant Discharge Elimination System Permit issued for the defendant's municipal sewage treatment plant, the Blue Plains Wastewater Treatment Plant (Blue Plains), pursuant to Section 301 of the Clean Water Act, by failing to comply with the terms and conditions of the permit. In December of the same year, the plaintiff filed a motion for entry of a consent decree entered into between the parties. On January 31, 1985, the Court approved and signed the Consent Decree which consisted of 24 pages and 19 numbered paragraphs.

Paragraph XIX of the Consent Decree provides:

*Termination of court jurisdiction*

This court will retain jurisdiction of this action for four (4) years after entry of

this Decree for the purpose of resolving disputes and issuing such further orders as may from time to time be necessary to construe, implement or enforce compliance with the terms of this Decree.

By agreement of the parties there were subsequent amendments to the Consent Decree but paragraph XIX was never amended. On or about January 13, 1989, the plaintiff filed a motion to enforce judgment and to adjudicate the defendant in civil contempt. In that motion the plaintiff alleged that the defendant had violated numerous provisions of the Consent Decree. The defendant opposes the motion primarily on two grounds, first, that the Court lacks jurisdiction since the Consent Decree expired pursuant to paragraph XIX on January 31, 1989, notwithstanding that the Government's motion to enforce judgment and to adjudicate the defendant in civil contempt was filed prior to that date, and second, that on the merits, the defendant has not violated the Consent Decree and that any "violations" are *de minimis*.

On or about July 17, 1990, the plaintiff amended its motion to delete from that motion the request that the Consent Decree entered in this action on January 31, 1985 be extended to govern operation Blue Plains after January 31, 1989. The United States, however, continues to seek all other relief requested in the motion, including an order by this Court retaining jurisdiction to enforce the Consent Decree pending resolution of the United States' motion to enforce judgment and to adjudicate the defendant in civil contempt. The United States noted that the affect of their amendment to the motion is to remove from contention in this action all violations of the Clean Water Act and applicable permits allegedly committed by defendant with respect to the Blue Plains facility after January 31, 1989. Plaintiff notes that such violations are the subject of a new civil action initiated by the plaintiff simultaneously with the filing of the motion to amend the pending motion.[1] *See United States v. District of Columbia,* Civil No. 90–1643 (D.D.C.).

This case is now before the Court on plaintiff's motion for interim relief, to enforce judgment and to adjudicate the defendant in civil contempt, but solely for the purpose of considering the Court's jurisdiction to entertain the motion to enforce the judgment and to adjudicate the defendant in civil contempt.

The defendant contends that this Court lacks jurisdiction to enforce the conditions of the consent decree.

The plaintiff argues that the Court has jurisdiction to enforce the Consent Decree notwithstanding that the "termination date" provided in the Consent Decree has now passed. The primary case relied upon by the plaintiff is *Aro Corp. v. Allied Witan, Co.,* 531 F.2d 1368 (6th Cir.1976). The defendant contends that the Court lacks jurisdiction to enforce the Consent Decree and cites in support of its position a number of cases, primarily, *McCall–Bey v. Franzen,* 777 F.2d 1178 (7th Cir.1985) and *Fairfax Countywide Citizens Assoc. v. County of Fairfax,* 571 F.2d 1299 (4th Cir. 1978). In *Aro,* the court stated that: "It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." 531 F.2d at 1371 (citations omitted). The court went on to note that "[e]ven in those instances in which the court's original jurisdiction may have been questionable, it has jurisdiction over settlement agreements, the execution of which renders the prior controversy academic." *Id.* (citation omitted). The Court further noted that a court, "[a]cting within its sound discretion, ... may relieve a party from a final judgment when a 'reason justifying relief from the operation of the judgment' exists. Rule 609(b)(6), F.R.C.P." *Id.* The facts in *Aro* were that the plaintiff instituted a suit against Allied alleging an infringement of a patent. The case was resolved pursuant to a settlement agreement, and the complaint and counterclaim were dismissed without prejudice. Thereafter, Aro, alleging that Allied had refused to honor certain conditions of the settlement agreement filed a motion asking the

---

1. The Court has permitted discovery to proceed in both cases.

court to vacate the order dismissing the suit and to order specific performance of the settlement agreement. Allied challenged the court's jurisdiction arguing that because the issue was "purely contractual" and "because diversity was lacking" the matter should be resolved in the state courts. The District Court granted Aro's motion for reinstatement of the case on the court's docket and thereafter enjoined Allied from not complying with the agreement and then dismissed the complaint and counterclaim without prejudice. The Court of Appeals affirmed the decision of the District Court.

In *Fairfax,* the Fourth Circuit addressed a similar issue. There had been a settlement in a civil rights dispute and pursuant to the terms of the settlement, the defendants were required to take certain action and the case was dismissed. Thereafter plaintiffs felt that the defendants had not complied with the conditions of the settlement agreement and they filed a motion in the District Court to vacate the dismissal. In doing so they did not pray for reinstatement of the lawsuit and an opportunity to try it but rather for enforcement of the settlement agreement. The District Court reinstated the action and entered an order purporting to enforce the settlement agreement but the Court of Appeals reversed stating that the District Court lacked jurisdiction to take such action. The Fourth Circuit noted the decision in *Aro* and noted further that they were "in agreement with the Sixth Circuit that, upon repudiation of a settlement agreement which had terminated litigation pending before it, a district court has the authority under Rule 60(b)(6) to vacate its prior dismissal order and restore the case to its docket." 571 F.2d at 1303 (citations and footnote omitted). The Court went on to state, however, that:

We respectfully differ, however, with the *Aro* court in its conclusion that, once the proceedings are reopened, the district court is necessarily empowered to enforce the settlement agreement against the breaching party. We are of the opinion that the district court is *not* so empowered unless **the agreement had been approved and incorporated into an or-** **der of the court, or, at the time the court is requested to enforce the agreement, there exists some independent ground upon which to base federal jurisdiction.**

*Id.* (footnote omitted, emphasis in original, bold this Court's).

The Court further stated in a footnote that:

Where the settlement agreement is approved and incorporated into an order of court, the district court possesses jurisdiction to enforce its own order. Where there has been no incorporation, it is likely that the independent ground most often asserted will be that of diversity of citizenship between the parties to the settlement agreement. 28 U.S.C. § 1332. This is not to suggest, however, that other bases or federal jurisdiction may not also be available in appropriate situations, *e.g., 28 U.S.C. §§ 1345, 1346 (United States as party).*

*Id.* n. 8 (emphasis the Court's). The court then went on to note that the plaintiff's contract claim did not arise "under the Constitution, laws, or treaties of the United States." *Id.* It further noted that the "settlement agreement between [plaintiffs] and [defendants], while serving to terminate litigation of a federal claim, was a private contract entered into after private negotiations between the parties. Both its validity and the interpretation of its terms are governed by Virginia law." *Id.* (footnote omitted). In criticizing the decision of the Court of Appeals in *Aro,* the Fourth Circuit noted the Sixth Circuit's statement "that court's retain the inherent power to enforce agreements entered into in settlement of litigation pending before them". It then stated that "[w]hile this principle is sound under appropriate circumstances, it is not a principle of *federal* jurisdiction. An analysis of the cases cited by the *Aro* court in support of the principle shows that, except for one, they all concerned settlement agreements which were intended to be incorporated into final orders or for which independent federal jurisdiction existed." 571 F.2d at 1304 (footnotes omitted).

In *McCall–Bey* the court also had occasion to consider the decision by the Sixth Circuit in *Aro*. The court stated that:

Speaking with great respect, we think the Sixth Circuit in *Aro* confused the power of a district judge under Rule 60(b) to restore a previously dismissed case to his docket, which he undoubtedly has, with his power to adjudicate a breach of contract, which he may not have—and certainly does not have by virtue of Rule 60(b). Some breach of contract actions are within federal jurisdiction, but a contract dispute between citizens of the same state that arises under state rather than federal law is not, even though the contract was made in settlement of a federal—question suit.

777 F.2d at 1186. The Seventh Circuit went on to state that:

In emphasizing that unless jurisdiction is retained the settlement agreement requires an independent basis of federal jurisdiction in order to be enforceable in federal rather than state court, we wish to make clear that we are not suggesting that such agreements are not enforceable. The issue of concern here is whether a settlement agreement is enforceable in federal district court without an independent jurisdictional basis; enforceable, that is, as if the district court had retained jurisdiction to enforce it, whether or not he did so.

777 F.2d at 1778.

While the decisions in *McCall–Bey* and *Fairfax* disagree with the decision in *Aro*, a reading of those cases reflects that this case is distinguishable for two reasons. First, the "disposition" in this case was pursuant to a court order, that is, the settlement agreement is a consent decree which was approved and incorporated and became an order of the court and therefore this Court possesses jurisdiction to enforce its own order. *See Fairfax*, 571 F.2d at 1303, n 8. Second, in this case the Court has jurisdiction over the proceeding since this is a claim which arises under "the Constitution laws, or treaties of the United States." In *Aro*, *Fairfax*, and *McCall–Bey*, it could be argued that the Court was being called upon to enforce a contract between parties where there had been no demonstration of federal jurisdiction. The Court need not address the dispute between the *Aro* court on one hand and the *Fairfax—McCall–Bey* courts on the other hand because the facts here are distinguishable. The Court notes that there was a lengthy settlement agreement which was incorporated into a consent decree, signed by the parties, and adopted and signed by this Court. Third, Court specifically retained jurisdiction of the action for four years after entry of the decree for the very purpose of resolving disputes, issuing such further orders as would from time to time be necessary to construe, implement "or enforce compliance with the terms of this decree." The Government's motion was filed prior to the termination of this decree and therefore the Court has jurisdiction to resolve that matter.

In view of the above, this Court concludes that it retains jurisdiction to address the pending motions and to enter an interim order and enforce the Consent Decree.